IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANNETTE BRAGG WILSON**                                                                 **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:17cv374-WHB-RHW**

**NANCY A. BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                                       **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* Plaintiff's complaint filed May 17, 2017, seeking judicial review of the denial of her claim for supplemental security income (SSI). Plaintiff claims she is ill and cannot work due to excessive medications and poor health. By order of May 18, 2017, the Court advised the parties of the briefing schedule and briefing requirements in the case, and mailed a copy of same to Annette Wilson at her address of record. The order requires that Plaintiff file a memorandum brief setting forth the errors she contends entitle her to relief within 30 days after Defendant files its answer and the transcript of the record. [3] The Commissioner of Social Security answered the lawsuit and filed the Administrative Record on November 16, 2017, but did not serve Ms. Wilson with its answer and notice of filing of the Record until January 29, 2018. [12], [13], [14]

Ms. Wilson failed to file a memorandum brief, and on March 20, 2018, the Court entered Order [15] requiring her to (1) show cause why the case should not be dismissed for her failure to file the memorandum brief, and (2) to file her brief setting forth the errors she claims occurred in the administrative proceedings. The responses to Order [15] were due by April 3, 2018. The order warned Ms. Wilson her case might be dismissed if she failed to comply with the order. On March 28, 2018, Ms. Wilson filed a three-page document [17] identifying doctors she sees for various medical problems; stating she has been ill and cannot work; that she is on pain pills, muscle relaxers and other medications stating; and requesting "more time to submit other

documents to support [her] claim."  Ms. Wilson further indicated she worked at Methodist Rehabilitation in Jackson, MS in August 2013, but her feet continually hurt so they fired her for missing work, and she did janitorial work at Service Masters in Flowood in 2012 until her health failed.  She stated she can drive but does not do so when she feels bad, and she cannot lift over 10 pounds because of her spine and pain.  All these matters appear in the Administrative Record.  Wilson stated she had a liver biopsy March 15, 2018 and will soon begin treatment for Hepatitis C, and that her left side, feet, heart, arm and hand hurt constantly.

The Court deemed [17] to be a motion for additional time and granted it as such on March 29, 2018, allowing Plaintiff until May 1, 2018 to file her brief.  [18]  The Court's order advised Ms. Wilson that review of her case would be based "upon the documents which were presented and made part of the record in the administrative proceedings," and that the administrative record had been filed in the case and was available for her review in the Clerk's office.  The Court again referred Plaintiff to Order [3] for information regarding the contents of her brief, and warned her that failure to file her brief by May 1, 2018, would result in the undersigned recommending dismissal of the case.

On April 18, 2018, Ms. Wilson filed document [19], which consists of 18 pages.  In a handwritten page, she complains of pain, states she has been diagnosed with fibromyalgia, she is beginning to feel worthless and cannot work due to pain, complaints contained in the record. [13, pp. 9, 203-204]  The remaining 17 pages of this document consist of a medication list; pain management/controlled substance agreement; review of problems; patient clinical summaries, instructions, medical records, laboratory and test results; biographical information about a physician; and an FAQ print out, none of which appear in the Administrative Record; all dated after the Administrative Law Judge's (ALJ) decision and the Appeals Council's denial of review.

The 51-year old Plaintiff filed application for SSI on May 6, 2014, alleging disability since April 10, 2014 due to diabetes, high blood pressure, heart murmur, acid reflux, neuropathy in her feet, allergies and anxiety. [13, pp. 49-54, 57-62, 130-132] The claim was denied initially on September 10, 2014, and on reconsideration on October 21, 2014. [13, pp. 55-56] Plaintiff requested a hearing, and on December 9, 2015, ALJ Marilyn Reynolds Brand heard the matter [13, pp. 29-48], taking testimony from Ms. Wilson [13, pp. 34-44] and from vocational expert (VE) Dion Porter [13, pp. 45-48], and receiving exhibits. Plaintiff has been represented by counsel since September 23, 2014; her attorney was with her at the hearing.[1]  [13, p. 31, 66-67]

Wilson has a GED, and worked for pay during the 15 years preceding her claimed disability, albeit somewhat irregularly, due in part to the fact that she was her parents' primary caregiver from around 2002 until 2012. She testified she last worked for pay in 2005, but the record shows she worked at housecleaning and janitorial jobs in 2013. [13, pp. 35-36] Indeed, 2013 appears to have been her highest earnings year, as well as the year she completed her GED. [13, pp. 137-138, 147] She testified she cannot work now because she is sick all the time; her hands, feet and back hurt, her heart races, she cannot sit long or walk far, and she tires easily. At the hearing she stated her worst problem was with her hands and feet, followed by intermittent aching in her back which feels like a pulled muscle, and panic attacks. She is not sure what causes the panic attacks, "maybe something on TV." She handles panic attacks by turning the air conditioner up and lying down; then when they pass, she turns the air back down and sleeps a few hours. She also has chest pain, and shortness of breath when she sits, stands or walks too long, for which she lies down. [13, pp. 36-41] She states she can stand 30 minutes, walk 15-20 minutes, sit perhaps an hour or a little over, and lift a gallon of milk. Medication controls some of her pain, and she states she knows she is healing. [13, pp. 43-44]

---

[1] Plaintiff indicated to the Appeals Council that the representation had ended. [13, p. 203]

Wilson lives with her 12-year old son. Her day consists of reading, watching television, sitting outside, trying to walk, and sometimes cooking a meal. [13, p. 41, 159] She gets up in the morning to get her child or grandchild up and ready for school, makes breakfast, eats, and washes the dishes, then takes her medicine and lies down until noon. She watches the news, eats lunch and takes her afternoon medicines and sleeps until the children get home, then watches television and goes to bed. [13, pp. 155, 157] She has no problem taking care of her own personal needs and hygiene, and can do some household chores, such as washing dishes and vacuuming. [13, pp. 155-56, 178, 185] She has trouble sweeping, mopping and bending to pick up things, and her 23-year old daughter helps out. She can drive, but does not go far, only to the store or library. She does her own shopping and handles her own finances. [13, pp. 41-43, 158-159] She spends time with others, enjoys company, sits on the couch and visits, and attends church occasionally. [13, p. 159] She indicated she can follow written and oral instructions and get along with authority figures well, but does not handle stress or changes in routine well. [13, p. 161]

Vocational Expert Dion Porter, Ph.D., testified Wilson's prior housekeeping work is classified as unskilled, light work,[2] with an SVP level of 2.[3] Considering one of Wilson's age, education and past work experience, who could perform a full range of light work but needs to work with data and things rather than people, Dr. Porter opined that Wilson could perform her past work, and could also perform other jobs existing in the national economy, such as laundry

---

[2]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

[3]SVP level refers to the amount of time required for a typical worker to learn how to do a job. An SVP of 2 is unskilled work, or work requiring "little or no judgment to do simple duties that can be learned on the job in a short period of time." See 20 C.F.R. §§ 404.1568(a), 416.968(a); SSR 00-4p, 2000 WL 1898704.

worker, motel cleaner or mail clerk, all of which are unskilled, light work, SVP 2. Even adding that the person would need to work in a low-stress environment where she had only to make occasional decisions, and with only occasional changes in the work setting, Dr. Porter still opined Wilson could do those jobs. If, due to her impairments, she could maintain attention and concentration for less than two-hour periods, she could do no work. [13, pp. 45-47]

On June 11, 2018, the Commissioner filed a memorandum and motion to affirm the administrative decision, correctly pointing out it was Ms. Wilson's burden to prove her disability by establishing a physical or mental impairment lasting at least 12 months which prevents her from engaging in any substantial gainful activity. The Commissioner argues that since Ms. Wilson has identified no error in the administrative proceedings as required by Order [3], she has waived any intended arguments. The Commissioner also points out that the ALJ used the approved five-step sequential process to evaluate Wilson's claim, finding at Step One that she had not engaged in substantial gainful activity since May 6, 2014; at Step Two that she had severe impairments of diabetes mellitus, diabetic neuropathy, degenerative disc disease and anxiety; at Step Three that her severe impairments alone or in combination did not meet or medically equal the requirements for presumptive disability; that she had a residual functional capacity to perform light work with some additional limitations; at Step Four that she had no past relevant work; and at Step Five, the ALJ concluded, considering her residual functional capacity to do light work, and relying on testimony from the vocational expert, that Ms. Wilson could perform other jobs existing in the national economy such as laundry worker, motel cleaner and mail clerk, thus she was not disabled from May 6, 2014 through February 3, 2016. The Appeals Council denied review of the ALJ's decision on April 28, 2017, which led to the filing of the action now before the Court. [13, pp. 4-7] As best the undersigned can ascertain from her filings, Plaintiff challenges the finding that she is not disabled.

Standard of Review

Judicial review of a final decision of the Commissioner of Social Security is limited to determining whether substantial record evidence supports the Commissioner's factual findings, and whether such findings are reached through the application of correct legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The Court reviews the entire record to determine whether substantial evidence supports the Commissioner's decision. *Villa*, 895 F.2d at 1022. Credibility of witnesses and conflicts in the evidence are issues for resolution by the Commissioner, not the Court, nor may the Court try the issues *de novo*, substitute its judgment for that of the Commissioner, or re-weigh the evidence. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995; *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007); *Harris*, 209 F.3d at 417 (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)); *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (a finding of "no substantial evidence" is appropriate only if no credible evidentiary choices or medical findings support the decision). Factual findings supported by substantial record evidence are conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may reverse the Commissioner's decision if it is based upon faulty legal analysis, but should accept the Commissioner's legal conclusions if they are within reasonable meanings of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 841-44 (1984). Absent a finding that the decision is unsupported by substantial evidence or that

the Commissioner applied an incorrect legal standard, the Court must affirm the administrative decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). The decision of the Commissioner is accorded great deference and "will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the ... decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Analysis

The Social Security Act defines disability as inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C.A. § 1382c(a)(3)(A). One claiming disability has the burden to prove disability which precludes her from engaging in substantial gainful work. 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) ("suffering of some impairment does not establish disability; a claimant is disabled only if [she] is 'incapable of engaging in *any* substantial gainful activity'").

The record shows that Judge Brand carefully reviewed, accurately summarized and considered all the evidence presented in reaching her decision. Substantial evidence supports her factual findings that:

> Ms. Wilson's diabetes was controlled, with only a few instances of slightly elevated glucose and A1C levels;
>
> Ms. Wilson made "little to no complaints of cramping" in her feet, and all but one foot examination proved normal;
>
> Although x-rays showed Ms. Wilson had degenerative disc disease, the record contains no evidence of nerve root compression, spinal arachnoiditis, or lumbar stenosis resulting in pseudoclaudication, and her medical records reflect few back complaints and report generally normal musculoskeletal findings at her medical visits;

> Ms. Wilson's mental status findings were essentially normal other than some depressed mood, she had mild restriction in daily living activities, moderate difficulties in social functioning, concentration, persistence or pace, no episodes of decompensation, and the ALJ accommodated her treating doctor's limitations by including in the hypothetical to the VE that Ms. Wilson should be limited to working with data rather than people, in low-stress jobs with only occasional decision-making and work-place changes.

Judge Brand followed the prescribed five-step analysis to evaluate Ms. Wilson's claim, identified the record evidence upon which she relied, and adequately explained the weight she assigned to the evidence.

After reviewing the entire record, the undersigned finds substantial evidence supports the ALJ's factual findings as to Ms. Wilson's impairments, her residual functional capacity to do light work, and the consequent finding of non-disability. The undersigned further finds Ms. Wilson has failed to demonstrate any error of law of error in the ALJ's decision. In addition, Ms. Wilson has failed to establish the three elements required for the Court to order that additional evidence be taken by the Commission, *i.e.*, that (1) there is new evidence, (2) which is material, and (3) there is good cause for failure to incorporate the evidence into the record of the prior proceedings. 42 U.S.C. § 405(g); *Leggett v. Chater*, 67 F.3d at 567.

## RECOMMENDATION

Based upon consideration of the record of the administrative proceedings and controlling law, the undersigned is of the opinion that the Commissioner's final decision is supported by substantial evidence and in accord with relevant legal standards, and should be affirmed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to

objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 13th day of August, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE